| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 5-17-2018 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 3:53 p.m. (1 hr. 18 mins.) |

*Rubie's Costume Company, Inc., et al. v. Kangaroo Manufacturing, Inc., et al.*
**CV 16-6517 (SJF) (AKT)**

| TYPE OF CONFERENCE: | **MOTION HEARING** | |
|---|---|---|
| APPEARANCES: | Plaintiff: | Kevin Schlosser |
| | | Lynn Brown |
| | Defendant: | David A. Schrader |

FTR: 3:53 - 5:11

THE FOLLOWING RULINGS WERE MADE:

The Court set today's Conference to address several outstanding discovery motions. The following summary reflects the rulings made today. If the parties need a more amplified record, they can contact Courtroom Deputy Mary Ryan (631-712-5765) to arrange to order a transcript.

1. Defendants' Supplemental Discovery Motion [DE 62]

   - Request No. 17 - Plaintiffs represented that they have no further responsive documents. Therefore, the Court considers this aspect of the motion resolved.

   - Requests No. 21-23 - there is some disagreement about whether these requests are within the scope of the Defendants' counterclaims. Defendants agree to provide the Court with case law supporting their position that this discovery is within the scope of Defendants' counterclaims.

   Regarding the transcript of Aleem Aziz, the Court noted that it has no record of receiving the transcript. Defendants' counsel stated he believes it was sent to Chambers by mail, but is unsure of the details. The Court has directed counsel to investigate and report back since the transcript has not materialized in Chambers.

2. Plaintiffs' Motion to Compel Discovery [DE 64]

   Defendants' counsel stated that the parties attempted to set up an inspection, which Plaintiffs' counsel appears to dispute to some extent. Defendants' counsel stated his client does not want Plaintiffs walking around their warehouse; Plaintiffs' counsel stated he needs his client to accompany him for any inspection, and stated they would only ask for access to parts of the warehouse that are "reasonably accessible."

   The Court directed that Plaintiffs' counsel and one representative from Plaintiffs' business may attend the inspection. No photographs are to be taken. The Court directed that the inspection take place within 30 days.

According to Defendants' counsel, there is only one warehouse in operation. Counsel added that this warehouse has only boxes in it, for backup storage, and that it does not ship goods. Plaintiffs' counsel stated he would like to see both warehouses, and the Court will permit that. Defendants' counsel will provide the location of these warehouses to Plaintiffs' counsel promptly.

There is still a disagreement as to whether personal jurisdiction has been established, or waived as a defense. Defendants' counsel stated today on the record that the Court has personal jurisdiction over his clients.

3. <u>Plaintiffs' Motion to Compel a 30(b)(6) Deposition [DE 68]</u>

Plaintiffs' counsel argued that the Rule 30(b)(6) notice is timely, since plaintiff's only recently received the additional document production from Defendants, given the protracted discovery disputes under which this case has labored. Prior to this, Plaintiffs' counsel has only deposed one person – Justin Ligeri. Defendants' counsel argues that most of the documents in this case were produced six months ago, and the only thing that was produced recently were sales reports with respect to Amazon. Defendants' counsel argued that the notice covers far too many topics and to the extent any deposition is allowed, the testimony should be limited to the supplemental information provided by Amazon.

The Court confirmed with Plaintiffs' counsel that there are no documents which Plaintiffs intend to use at summary judgment or at trial that have not already been produced.

The Court will permit a Rule 30(b)(6) deposition to go forward. Defendants' counsel indicated that his client's 30(b)(6) deponent will likely be Justin Liguiri. The deposition will be limited to seven hours, even if there is more than one 30(b)(6) deponent. The Court agreed that some of the categories in the notice are overly broad. The parties will likely have to resolve some of these issues as to reasonableness and proportionality at the deposition.

Counsel are to notify Chambers of the date of the deposition once it is set. If there are disputes at the deposition, counsel are directed to contact Chambers by telephone. The Court further directed defendants' counsel to advise the deponent that there are to be no lengthy narrative responses, improper language, or improper conduct generally. The deponent's answers are to be kept short and responsive to the question asked.

As to the additional information Defendants' counsel is to provide the Court, he is to do so forthwith, and Plaintiffs' counsel will then have three days to respond.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge