**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RUBIE'S COSTUME COMPANY, INC.,
and PRINCESS PARADISE CREATIONS,
LLC, d/b/a PRINCESS PARADISE,

                                  Plaintiffs,                           **DECISION
                                                                            AND ORDER**

                    - against -                                    CV 16-6517 (SJF) (AKT)

KANGAROO MANUFACTURING, INC.,
YAGOOZON, INC., and JUSTIN LIGERI,

                                   Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has received several filings from the parties in this matter since the last conference which was held on May 17, 2018 to address several outstanding discovery disputes. At the May 17, 2018 conference, the Court ruled on Defendants' supplemental discovery motion [DE 62], Plaintiffs' motion to compel discovery [DE 64], and Plaintiffs' motion to compel a 30(b)(6) deposition [DE 68]. *See* DE 75. With respect to DE 62, the Court stated that Request Nos. 21-23 of Defendants' Second Request for the Production of Documents, and for which Defendants were seeking an order compelling production, were outside the scope of Defendants' counterclaims. *See id*. Nevertheless, the Court gave counsel for Defendants the opportunity to submit to the Court case law supporting Defendants' contention otherwise. *Id.*

       With respect to DE 64, the Court addressed a dispute regarding the inspection of Defendants' warehouses. The Court ruled that (1) Plaintiffs' counsel and one representative from Plaintiffs' business may attend the inspection of both of Defendants' warehouses, and (2) the inspection was to take place within 30 days of the conference. *Id*. No photographs were to be taken at the inspection. *Id*. Looking to DE 68, the Court "permit[ted] a Rule 30(b)(6)

deposition to go forward. Defendants' counsel indicated that his client[s'] 30(b)(6) deponent will likely be Justin Liguiri [*sic*]. The deposition will be limited to seven hours, even if there is more than one 30(b)(6) deponent." *Id.*

Following the May 17, 2018 conference, the parties submitted several additional filings. On June 8, 2018, Defendants' counsel submitted a two-page "Memorandum" [DE 76] stating that he was providing case law to support Defendants' contention that the requests in their Second Request for the Production of Documents, and for which they sought an order compelling production, were properly within the scope of their counterclaims. On the same day, Plaintiffs submitted correspondence [DE 77] "to request that the Court clarify a provision" in the minute order from the May 17, 2018 conference, specifically as to whether Plaintiffs were permitted to conduct two 30(b)(6) depositions, one for each corporate defendant, Kangaroo and Yagoozon, each of which would be subject to the seven-hour limit provided in the Federal Rules. *See* DE 77.

Several days later, on June 12, 2018, Plaintiffs submitted opposition [DE 78] to Defendants' "Memorandum" [DE 76] seeking to compel production. Also on June 12, 2018, Defendants submitted opposition to Plaintiffs' letter seeking clarification of the Court's prior ruling [DE 79], arguing that the Court previously and correctly ruled that Plaintiffs were entitled to seven hours of 30(b)(6) deposition testimony in total. The Court addresses these issues in turn.

First, as to the supplemental case law provided in DE 76, only one case is from this Circuit and it is from 1966. *See* DE 76 (citing *Bowen v. Whitehall Laboratories Inc.*, 41 F.R.D. 359, 360 (S.D.N.Y. 1966)). The other cases cited by Defendants in support of their contention

that the documents requested are properly within the scope of their counterclaims are from outside this Circuit, and are decisions from 1977, 1971, 1966, and 1981 respectively.  These cases are utilized by Defendants to argue that they are entitled to the documents they seek because "[t]he party opposing discovery on the grounds of relevancy[ ] must establish that the information sought is not germane, not conceivabl[y] helpful, or not reasonably calculated to lead to admissible evidence.  This is a heavy burden." DE 76 at 2 (quoting *Smith v. Ford Motor Co.*, 31 Fed. R. Serv. 2d 1231, 2 (N.D. Ga. 1981)).   However, the standard of review set forth in these old cases has been superseded and does not apply here.

"Notably absent from the present Rule 26 is the all too familiar, but never correct, iteration of the permissible scope of discovery as including all matter that is 'reasonably calculated to lead to' the discovery of admissible evidence.  This language was never intended to define the scope of discovery, but was intended only to make clear that the discovery is not limited by the concept of admissibility." *Brown v. Vitucci*, No. 14-CV-5034, 2018 WL 2304739, at *5 (E.D.N.Y. May 21, 2018).  Under the current iteration of Rule 26, effective December 1, 2015, "[t]he scope of discovery is now defined to consist of information that is relevant to the parties' 'claims and defenses.'  Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated.  Additionally, the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'" *Huayuan Chen v. Stony Brook Univ.*, No. CV 15-6698, 2018 WL 1368031, at *4 (E.D.N.Y. Mar. 16, 2018) (quoting FED. R. CIV. P. 26(b)(1)).

Therefore, in addition to being distinguishable on their facts, age, and standard of review, the cases cited by Defendants in DE 76 are not binding on this Court, are not persuasive and do not analyze the facts here under the current Rule 26 standard. Equally significant, the cited cases are either personal injury or products liability actions -- not contract cases as we have here. Defendants' motion seeks the production of documents and communications for each of the products listed in a "Schedule A" "concerning complaints and/or negative reviews from other direct, indirect, or downstream purchasers," DE 62 at 2, "concerning complaints of defects and returns from or by other Rubies customers and/or purchasers," *id*., "sufficient to identify returns by other Rubies customers and the return rate," *id*. at 3, and "concerning complaints and/or negative reviews of Rubies products sold on amazon." *Id*. In their current form, Defendants' discovery requests have the earmarks of a fishing expedition. They are overbroad and somewhat convoluted.

The counterclaims brought by the Defendants are for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing, and (3) breach of warranty. *See* Answer with Counterclaims [DE 26]. The breach of contract claim is based on an allegation that Plaintiffs failed to supply Defendants Kangaroo and Yagoozon with the goods ordered or supplied goods of inferior quality. *See id.*, Counterclaim I, ¶ 11. Counterclaim II alleges in boilerplate language that Plaintiffs failed to act honestly and to observe reasonable commercial standards of fair dealing. *Id.*, Counterclaim II, ¶ 14. The final Counterclaim charges that by supplying goods of inferior quality that in many cases "could not even be sold on Amazon.com, the Plaintiffs breached express and implied warranties in violation of the New York Uniform Commercial Code. *Id*., Counterclaim III, ¶ 17. The request for the documents noted above reflect their thin

4

link to the counterclaims as pleaded. *See In re XPO Logistics, Inc.*, 15 Misc. 205, 2017 WL 6343689, at *5 (S.D.N.Y. Dec. 11, 2017). Moreover, the scope of the discovery would be highly intrusive and not proportional to the needs of the case. Defendants' argument "misstates the 'centrality' of the documents to the counterclaims and misunderstands the proportionality rule, which limits the production of documents that are relevant. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "matter that is relevant ... *and* proportional ..." (emphasis added))." *In re XPO Logistics, Inc.*, 2017 WL 6343689, at *5 (citing Fed. R. Civ. P. 26(b)(1));

Notwithstanding the overbreadth of the demands, and having considered all of the arguments presented, the Court will permit Defendants to engage in some limited discovery with respect to the documents they seek. With respect to complaints (and nothing other than complaints) paid by other purchasers solely directed to complaints of defects, the Court will permit the following restricted discovery: Defendants shall select three products from the list provided in "Schedule A" and shall notify Plaintiffs' counsel of the three selected products within seven (7) days of entry of this Order; Defendants shall also narrow the scope and define the type of product defect they are referencing (*i.e.*, defect in the product itself, not its packaging or other peripheral complaint) and shall provide that information to Plaintiffs' counsel within the same seven (7) day period. The scope is further narrowed to complaints regarding Rubie's products which are *sold on Amazon* and the timeframe permitted here is the three-year period prior to the filing of the Complaint in this case. Plaintiffs will have 30 days to produce the results of theirs and their clients' searches of the records of Rubie's Costume Company and Princess Paradise Creations. The Court will not require Plaintiffs to provide "all communications" regarding those complaints, nor will the Court require the production of

5

"negative reviews" of Rubie's products sold on Amazon since that information is and has been equally accessible to the Defendants. The Court finds that the limitations set forth here are an appropriate compromise between the emphasis on proportionality in Rule 26 and Defendants' ability to probe for evidence to support their counterclaims. *See J.P. Morgan Sec. LLC v. Mariano*, 117 CV 01080, 2018 WL 522339, at *2 (S.D.N.Y. Jan. 22, 2018) (finding that movant was entitled to certain production of documents regarding the counterclaims raised, but narrowing the scope of production to comply with proportionality requirements).

The Court next addresses the 30(b)(6) testimony authorized at the May 17, 2018 Motion Hearing. Because there are two corporate Defendants, the Plaintiffs are entitled to depose a Rule 30(b)(6) witness for each corporation. To the extent there was any lack of clarity at the May 17, 2018 Motion Hearing, the Court addresses that issue here. With regard to the Court's ruling that it was permitting a Rule 30(b)(6) deposition to go forward and that "[t]he deposition will be limited to seven hours, even if there is more than one 30(b)(6) deponent," DE 75 (emphasis added), the Court's remarks were addressed to the list of anticipated topics for the Rule 30(b)(6) deposition discussed. The Court pointed out that with respect to the list provided in such a Notice in this case, the Defendants might find it necessary to have more than one deponent in order to adequately cover the topics listed in the Notice. This ruling was not issued to allow the deposition of a corporate representative for one of the corporations while precluding the other.

There is a discernable preference in the case law of this Circuit to allow a litigant the opportunity to bind a corporate entity through Rule 30(b)(6) testimony. *See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10 CIV. 1391, 2013 WL 1286078, at *5 (S.D.N.Y. Mar. 28, 2013) ("[A] party should not be prevented from questioning a live corporate witness in a

deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and any underlying factual qualifiers of those documents . . . .") (quoting *Dongguk University v. Yale University,* 270 F.R.D. 70, 74 (D. Conn. 2010)). This is consistent with the "affirmative obligation" on a Rule 30(b)(6) deponent "to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." *Panolam Industry International, Inc. v. F & F Composite Group Inc.,* No. 3:07CV1721, 2010 WL 341330, at *1 (D. Conn. Jan. 22, 2010). That a litigant should have the opportunity to bind a corporate entity is evident in the fact that the testimony of multiple Rule 30(b)(6) deponents of a single corporate entity are treated as a single deposition for purposes of the number of depositions a party may take under Rule 30(A)(2)(a). *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646, 2013 WL 4505259, at *3 (S.D.N.Y. Aug. 23, 2013) (pointing out that under the Advisory Committee Notes, "a Rule 30(b)(6) deposition should 'be treated as a single deposition even though more than one person may be designated to testify'").

Defendants' counsel points out that "Yagazoon has no employees except Justin Ligeri and that Kangaroo does not employ any of Yagoozon's former employees." DE 79. Counsel emphasizes that Justin Ligeri has previously been deposed as a fact witness for two days and "has no employees with which to consult to further prepare himself for testimony as a Rule 30(b)(6) designee, even if his testimony were otherwise required to proceed, his testimony would be duplicative of his prior testimony." *Id.* Apparently, Defendants offered to stipulate that Justin Ligeri's prior testimony would be deemed Yagoozon's 30(b)(6) testimony, but that offer was

7

rejected by the Plaintiffs.  Defendants' counsel does not address the fact, however, that Mr. Ligeri provided testimony as a *fact* witness.  Plaintiffs' are entitled to examine him (or any other proper designee) as a Rule 30(b)(6) witness whose testimony is binding on the corporations.  Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject.  *See* Fed.R.Civ.P. 30(b)(6); *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999).  To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available "such number of persons as will" be able "to give complete, knowledgeable and binding answers" on its behalf.  *Securities & Exchange Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992) (internal quotations omitted).

The Court will not deny Plaintiffs the opportunity to examine the corporations' designated representatives whose testimony is binding on the corporations.  Therefore, Defendants shall produce Rule 30(b)(6) deponents for both corporate defendants, and these depositions shall take place within 30 days after the production of documents which the Court has ordered above.

**SO ORDERED.**

Dated:   Central Islip, New York
             September 21, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge