**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
RUBIE'S COSTUME COMPANY, INC. and,
PRINCESS PARADISE CREATIONS, LLC
d/b/a PRINCESS PARADISE

                        Plaintiffs,                    **MEMORANDUM AND ORDER**

    -against-                                         **16-cv-6517 (ST)**

KANGAROO MANUFACTURING, INC.,
YAGOOZON, INC., AND JUSTIN LIGERI.,

                        Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

        Plaintiffs, Rubie's Costume Company, Inc. ("Rubies") and Princess Paradise Creations, LLC d/b/a Princess Paradise ("Princess Paradise") (together with Rubies, "Plaintiffs") brought an action alleging various claims, including breach of contract, against Defendants Kangaroo Manufacturing, Inc. ("Kangaroo"), Yagoozon, Inc., and Justin Ligeri ("Ligeri") (collectively, "Defendants"). Plaintiffs allege that Defendant Ligeri has consistently failed to appear or otherwise defend this action and therefore move for default judgment against Defendant Ligeri.

        The Honorable James M. Wicks recused himself from this matter, and the case was reassigned to this Court for all further proceedings.

        For the reasons set forth below, this Court GRANTS Plaintiffs' Motion for Default Judgment ("Motion") against Defendant Ligeri and awards Plaintiffs damages as described herein.

1

I.   **BACKGROUND**[1]

A. **Factual Background**

Plaintiff Rubies is a family-owned New York company who manufactures and distributes Halloween costumes and accessories throughout the United States and other locations, including through and/or in connection with its subsidiaries and affiliated and related companies, such as Plaintiff Princess Paradise. *See* Complaint at ¶¶ 1-3, 32 ("Compl."), ECF 1.

In 2016, Plaintiff Rubies sold and delivered to, or on behalf of, Defendant Kangaroo over $3 million of Halloween costumes and accessories (the "Goods"). *See* Declaration of Jason M. Koral in Support of Motion, dated August 18, 2022 ("Koral Decl.") at ¶ 3(a), ECF 174. Plaintiff Rubies shipped the Goods to, or on behalf of, Defendant Kangaroo and invoiced Defendant Kangaroo for the Goods. *Id.* at ¶ 3(b).

As noted in an October 24, 2016 account statement, Defendant Kangaroo owed Rubies $2,849,419.14 based upon outstanding invoices for the Goods Rubies sold and delivered to, or on behalf of, Defendant Kangaroo in 2016. *Id.* at ¶ 3(c); Compl. Ex. 2, ECF 1-6. However, Defendant Kangaroo failed to pay any portion of the $2,849,419.14 due and failed to make any timely objection or otherwise dispute the invoices. Koral Decl. at ¶ 3(d).

On or about January 28, 2016, Defendant Ligeri executed and delivered to Rubies an unconditional Guaranty of Payment (the "Guaranty"). *Id.* at ¶ 3(e). Under the Guaranty, Defendant Ligeri personally guaranteed "any and all indebtedness or other liabilities fixed or contingent" that Defendant Kangaroo "now or at any time hereafter" owed to Rubies, "together with interest at the legal rate, and collection costs." *Id.* at ¶ 3(f); Compl. at ¶ 58; Compl. Ex. 3 at

---

[1] Given that Plaintiffs' Motion is only against Defendant Ligeri individually, the Background only notes facts and procedural history relevant to Plaintiffs' Third Claim for Relief (Breach of Contract on Behalf of Rubies Against Defendant Ligeri under Guaranty Agreement).

2

2, ECF 1-10.  Moreover, Defendant Ligeri waived all relevant defenses to enforcement of the Guaranty, including but not limited to notice, protest, or a requirement that Rubies pursue or exhaust other remedies against Defendant Kangaroo before enforcing the Guaranty.  *Id.* at ¶ 3(f); Compl. Ex. 3 at 3, ECF 1-10.

Plaintiffs submit that all conditions for the enforcement of the Guaranty have been satisfied.  *Id.* at ¶ 3(g).  Notably, Defendant Ligeri has not argued otherwise.  However, Defendant Ligeri refuses to pay the $2,849,419.14 despite the Guaranty's terms.  *Id.* at ¶ 3(h).  Finally, while Defendant Ligeri has previously filed for bankruptcy protection in Arizona, the Arizona Bankruptcy Court denied Defendant Ligeri a discharge.  *Id.* at ¶ 3(i); ECF 162-7.

### B. Procedural History

On November 22, 2016, Plaintiffs filed a Complaint seeking relief against Defendants for various claims, including breach of contract.  *See* ECF 1.  In relevant part to Plaintiffs' current Motion, Plaintiffs' Third Claim for Relief alleges that "[p]ursuant to the Guaranty Agreement, defendant Ligeri is obligated to remit payment to Rubies for the $2,849,419.14 due" at the interest rate of 9% from the date due and owed by Defendant Kangaroo.  *Id.* at ¶¶ 107, 112.  Furthermore, Plaintiffs alleged that "[d]efendant Ligeri's wrongful refusal to pay Rubies as required by the Guaranty Agreement constitutes a material breach of contract."  *Id.* at ¶ 109.

On June 12, 2017, Defendant Ligeri answered the Complaint.  *See* ECF 26.

On June 7, 2019, Plaintiffs filed a Motion for Sanctions against Defendant Ligeri (and Defendant Kangaroo), seeking, among other relief, to preclude Defendant Ligeri from presenting evidence disputing invoices, statements of account, or charges and awarding Plaintiffs reasonable attorneys' fees and costs.  *See* ECF 112.

On July 14, 2019, Defendant Ligeri filed his Opposition to Plaintiffs Motion for Sanctions.

*See* ECF 121.

On May 13, 2020 and May 14, 2020, Defendant Ligeri's counsel, Paykin Krieg & Adams and Levy & Blackman LLP, filed motions to withdraw as counsel. *See* ECF 134-35. The motions were granted on January 4, 2021. *See* ECF 140. The Court directed Defendant Ligeri, or his new counsel, to appear at the next court conference. *Id.*

On November 30, 2020, the Court ordered that the Motion for Sanctions was deferred until issues regarding representation of the Defendants could be resolved. *See* ECF 138.

As of June 16, 2021, Defendant Ligeri no longer had counsel representing him in the matter. The Court scheduled a status conference to be held on July 29, 2021, and directed Defendant Ligeri to either appear personally or through counsel. *See* ECF 150.

On July 29, 2021, the Court held its status conference, but Defendant Ligeri failed to appear, either personally or through counsel. *See* ECF 153.[2] The Court directed that the order relieving Mr. Ducey as counsel be served on Defendant Ligeri. *Id.*

On August 11, 2021, the Court issued a scheduling order, setting a telephonic hearing for October 8, 2021, and again directing Defendant Ligeri to appear either personally or through counsel. *See* ECF 155. On August 19, 2021, Mr. Mitchell F. Ducey filed proof of service on Defendant Ligeri of the order relieving him as counsel. *See* ECF 158.

On October 8, 2021, the Court held the scheduled telephonic hearing, but Defendant Ligeri failed to appear, either personally or through counsel. *See* ECF 160.[3]

On November 18, 2021, this Court issued a scheduling order, setting a telephonic conference for January 6, 2022, and again directed Defendant Ligeri to appear either personally or

---

[2] Note, the conference took place on July 29, 2021, but the Minute Entry is dated July 30, 2021. *See* ECF 153.
[3] Note, the conference took place on October 8, 2021, but the minute Entry is dated October 12, 2021. *See* ECF 160.

4

through counsel.  *See* ECF 163.[4]  This Court subsequently reset the conference date for January 11, 2022.  *See* ECF 166. [5]

On January 11, 2022, the Court held the scheduled telephonic hearing, but Defendant Ligeri again failed to appear, either personally or through counsel.  *See* ECF 166.  The Court scheduled one additional telephonic conference, giving Defendant Ligeri "one last opportunity to appear and demonstrate a willingness to participate in this litigation," and warned that the Court would permit motions for a default judgment if Defendant Ligeri failed to appear.  *Id.*

On March 31, 2022, the Court held the telephonic conference mentioned above.[6]  Defendant Ligeri appeared by phone pro se and the Court gave the parties additional time to negotiate a settlement.  *See* ECF 169.

On July 18, 2022, the Court held a follow-up telephonic conference.  Defendant Ligeri stated that: "neither he, nor the company he owns, intends to fight the case and will either consent to a judgment or not oppose a default judgment."  *See* ECF 170.

In subsequent discussions with Plaintiffs' counsel, Defendant Ligeri agreed that Defendant Kangaroo would sign a proposed consent judgment but Defendant Ligeri declined to sign one regarding his own personal liability.  *See* ECF 175.

On August 18, 2022, Plaintiffs filed their Motion for Default Judgment against Defendant Ligeri.  *See* ECF 173-74.  Defendant Ligeri did not oppose Plaintiffs' Motion.

On August 29, 2022, this Court entered a stipulated consent judgment between Plaintiffs and Defendant Kangaroo.  *See* ECF 178.[7]

---

[4] Note, on November 2, 2021, The Honorable James M. Wicks recused himself from this matter and the matter was reassigned to this Court for all further proceedings.  *See* ECF 161.
[5] Note, the conference took place on January 11, 2022, but the ECF entry is dated January 14, 2022.  *See* ECF 166.
[6] Note, the conference took place on March 31, 2022, but the ECF entry is dated April 4, 2022.  *See* ECF 169.
[7] Note, while the Consent Judgment itself is dated August 29, 2022, the ECF entry is dated September 12, 2022.  *See* ECF 178.

## II.     JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' Third Claim for Relief pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## III.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment.  *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).  First, the plaintiff must request entry of default by the Clerk of the Court.  *Id.* (citing Fed. R. Civ. P. 55(a)).  Once default has been entered against the non-responsive parties, the plaintiff "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2). Once the plaintiff meets these requirements, the court must accept the factual allegations in the plaintiff's complaint as true and must draw all reasonable inferences in the plaintiff's favor.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Then, the court must determine whether these facts establish the Defendants' liability as a matter of law.  *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  The court, however, "need not credit the plaintiff's legal conclusions."  *Gustavia Home, LLC v. White*, No. 116CV06926CBARER, 2017 WL 6403071, at *2 (E.D.N.Y. Apr. 28, 2017), *report and recommendation adopted*, No. 16CV6926CBARER, 2017 WL 6403858 (E.D.N.Y. Dec. 14, 2017) (internal citations omitted).

Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of a default; instead, the court considers whether the plaintiff "has met the burden of proving damages to the court with 'reasonable certainty.'"  *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15CV6505NGGPK, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.

6

1999)). A court need not conduct an evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356 MKB JO, 2014 WL 1310311, at *3 (E.D.N.Y. Mar. 10, 2014), *report and recommendation adopted as modified,* No. 12-CV-1356 MKB, 2014 WL 1311773 (E.D.N.Y. Mar. 28, 2014) (internal citations omitted).

## IV. DISCUSSION

### A. Liability

Accepting the well-plead allegations of Plaintiffs' Complaint as true, supplemented by the Koral Decl. mentioned *supra*, the Court finds that Plaintiffs have established Defendants' liability for breach of contract under the Guaranty.[8] "To make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *See Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). "To plead these elements 'a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue.'" *See Galderma Lab'ys, L.P. v. Cherian*, No. 19CV4560PKCRML, 2020 WL 9813021, at *3 (E.D.N.Y.

---

[8] Note, while the Court recognizes that Plaintiff could have plead their Third Claim for Relief as a "Breach of Guaranty" claim specifically instead of breach of contract, the Court finds that the outcome is the same under either theory based upon Plaintiffs' allegations. *See, e.g.*, *Fonz, Inc. v. City Bakery Brands, LLC*, No. 19CV10854LJLRWL, 2021 WL 5235190, at *3 (S.D.N.Y. Sept. 27, 2021), *report and recommendation adopted*, No. 19-CV-10854 (LJL), 2021 WL 4803821 (S.D.N.Y. Oct. 13, 2021) (finding liability for both breach of contract and breach of guaranty).

Aug. 5, 2020) (quoting *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 189 (S.D.N.Y. 2011)).

Here, Plaintiffs allege that "[t]he Guaranty Agreement is a valid and binding agreement between the parties" and that "[p]ursuant to the Guaranty Agreement, defendant Ligeri is obligated to remit payment to Rubies for the $2,849,419.14 due and owing by defendant Kangaroo." Compl. at ¶¶ 106-07. Specifically, Defendant Ligeri personally guaranteed "any and all indebtedness or other liabilities fixed or contingent which [defendant Kangaroo] may now or at any time hereafter owe to [Rubie's], together with interest at the legal rate, and collection costs …." *Id.* at ¶ 57. Furthermore, the Guaranty also provides that Rubies "shall not be required to pursue or exhaust any other remedies in law or equity against [Kangaroo], collateral or other securities before proceeding on or enforcing this guaranty." *Id.* at ¶ 58.

Additionally, Plaintiffs allege that "Rubies has performed any and all obligations that it has under the Guaranty Agreement" and that "Defendant Liberi's wrongful refusal to pay Rubies as required by the Guaranty Agreement constitutes a material breach of contract." *Id.* at ¶¶ 108-09.

Finally, Plaintiffs also allege that "Rubies has suffered damages as a direct and proximate result of the foregoing material breach of the Guaranty Agreement by defendant Ligeri. . ." and that "[t]he damages that Rubies has sustained and will continue to sustain as a result of defendant Ligeri's refusal to honor its obligations under the Guaranty Agreement were within reasonable contemplation of the parties. . ." *Id.* at ¶¶ 110-11. Accepting Plaintiffs' factual allegations as true, the Court finds that Plaintiff has sufficiently demonstrated the elements of liability necessary to establish a claim for breach of contract.

### B. Damages

### *i.   Breach of Contract Damages*

As liability has been established, this Court must now ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal citations and quotations omitted); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Additionally, it is a "fundamental principle that damages for breach of contract should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract." *Fonz, Inc. v. City Bakery Brands, LLC*, No. 19CV10854LJLRWL, 2021 WL 5235190, at *4 (S.D.N.Y. Sept. 27, 2021), *report and recommendation adopted*, No. 19-CV-10854 (LJL), 2021 WL 4803821 (S.D.N.Y. Oct. 13, 2021) (internal quotations and citations omitted). "In New York, damages for a breach of contract claim based on a failure to pay is generally limited to recovery of the unpaid contract amount and accrued interest." *Id.*

Here, Plaintiffs have submitted a Declaration from their counsel in support of their Motion attesting that Defendant Kangaroo did not pay the $2,849,419.14 owed, as reflected in the October 24, 2016 account statement attached to Plaintiffs' Complaint. *See* Koral Decl. at ¶¶ 3(c)-(d); Compl. Ex. 2, ECF 1-6. Moreover, Plaintiffs' Declaration also attests that Defendant Ligeri refused to pay the $2,849,419.14 due and owed by Defendant Kangaroo, notwithstanding his

9

obligations to do so under the Guaranty.  *See* Koral Decl. at ¶ 3(h); Compl. Ex. 3 at 2, ECF 1-10.  Finally, Defendant Ligeri has not disputed the validity of these documents or challenged the accuracy of the financial figures contained therein.  Therefore, this Court finds that Plaintiffs' damages have been established with reasonable certainty and that there is no need for an evidentiary hearing.  Plaintiffs are entitled to breach of contract damages totaling $2,849,419.14.

### ii. *Prejudgment Interest*

Plaintiffs also assert that they are entitled to statutory interest calculated at a rate of 9% from the date due.  *See* Compl. at ¶ 112.  In Plaintiffs' proposed Default Judgment attached to their Motion, Plaintiffs use November 22, 2016 as the accrual date which is the date of Plaintiffs' Complaint.  *See* ECF 174-3 [Proposed Default Judgment].  This Court agrees with Plaintiffs' calculation and accrual date.

Under New York law, prejudgment interest is recoverable on claims for breach of contract and is computed from the "earliest ascertainable date the cause of action existed" at the non-compoundable rate of nine percent (9%) per annum.  *Galderma Lab'ys, L.P*, 2020 WL 9813021, at *6 (citing N.Y. C.P.L.R. §§ 5001(a), 5004); *see also Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998) ("[P]rejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract.") (citation omitted); *Fonz, Inc.*, 2021 WL 5235190, at *5 (awarding prejudgment interest of 9% based upon Plaintiff's calculation beginning "from the date of the start of this lawsuit through the date of entry of a final judgment.").  "Where damages were incurred at various times. . . the Court has discretion to choose a reasonable accrual date."  *Chuzhou Jincheng Metal Work Co. v. AT-SAF Inc.*, No. 20-CV-745 (LDH), 2020 WL 13581669, at *10 (E.D.N.Y. Aug. 20, 2020) (internal quotations and citations omitted).

Here because liability is established on Plaintiffs' breach of contract claim, Plaintiffs are entitled to prejudgment interest at the annual rate of 9% as of right. The Court also agrees that November 22, 2016 is appropriate for the prejudgment interest accrual date. While the accrual date arguably occurred sooner, namely whenever Defendant Kangaroo first refused to pay the amount due, Plaintiffs did not suggest any alternative as the "earliest ascertainable date." Thus, this Court awards Plaintiffs prejudgment interest with the annual rate of 9% from November 22, 2016 through the date of this judgment, which totals $1,615,269.35.[9]

## V.     CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiffs' Motion for Default Judgment against Defendant Ligeri and awards Plaintiffs $2,849,419.14 in damages, plus interest at 9% from November 22, 2016, amounting to $1,615,269.35, which totals $4,464,688.49.

**SO ORDERED.**

    /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
March 10, 2023

---

[9] Note, Plaintiffs do not seek *post*-judgment interest in their Complaint or Motion. Thus, there is no need for any further post-judgment interest analysis.

11